UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
HEMPSTEAD DIVISION

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 16 2010 ★
BROOKLYN OFFICE

| | |
|---|---|
| Elaine Guarino<br>34 Mountain View Ave<br>Staten Island, NY 10314<br><br>Plaintiff,<br><br>v.<br><br>Global Credit & Collection Corporation<br>c/o Phillips Lytle LLP, Registered Agent<br>3400 HSBC Center<br>Buffalo, NY 14203<br><br>Defendant. | Case No.:<br><br>Judge: **10  3803**<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**BLOCK, J.   AZRACK, M.J.**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around March 19, 2010, Defendant telephoned Plaintiff's sister ("Sister").

8. During this communication, Defendant spoke to Sister in an abusive, oppressive, and/or threatening manner that included yelling.

9. During this communication, Defendant threatened that Plaintiff "will be in big trouble" if Plaintiff did not call Defendant by 5pm that day.

10. On or around March 19, 2010, Plaintiff telephoned Defendant.

11. During this communication, Defendant threatened to sue Plaintiff if the debt was not paid.

12. During this communication, Defendant threatened to garnish Plaintiff's wages if the debt was not paid.

13. During this communication, Defendant represented that Plaintiff would be liable for Defendant's attorney fees and court costs if Defendant sued Plaintiff.

14. At the time of this communications, Defendant had neither the intent nor ability to sue Plaintiff.

15. On or around April 2, 2010, Defendant telephoned Plaintiff.

16. During this communication, Defendant threatened to garnish Plaintiff's wages unless Plaintiff paid the debt.

17. At the time of these communications, Defendant had neither the intent nor ability to garnish Plaintiff's wages.

18. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT SIX

### Invasion of Privacy by Intrusion upon Seclusion

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and or private concerns.

32. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

33. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

34. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

35. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

### JURY DEMAND

36. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

37. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Macey & Aleman, P.C.

        By: /s/
        Maria Coen, Esq. (Bar No. 7312)
        420 Lexington Avenue, Suite 2132
        New York, NY 10170
        Tel: 1.866.339.1156
        Fax: 1.312.822.1064
        coe@legalhelpers.com
        *Attorney for Plaintiff*